UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN EASTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 18-cv-05929-JST<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>Re: ECF No. 31 |

Before the Court is Defendant Apple, Inc.'s motion to dismiss Plaintiff Darren Eastman's second amended complaint ("SAC"). ECF No. 31. The Court will grant the motion and dismiss Eastman's claims without prejudice.

I.  **BACKGROUND**

The background of Eastman's claims is set forth in greater detail in the Court's prior order granting in part Apple's motion to dismiss. *See* ECF No. 27. In brief, Eastman, a former Apple employee, alleges that he contributed to the invention of multiple Apple patents, but that Apple failed to name him as a co-inventor on those patents.

According to Eastman, he disclosed "a process for selling mobile tickets using an operating system on his 2006 Intellectual Property Agreement (IPA)" with Apple that "closely resemble[s] claims" issued as part of U.S. Patent Number 9,125,014 (the "'014 patent"). ECF No. 28 ("SAC") ¶ 3; *see also* ECF No. 27 at 1. Eastman further alleges that, in 2009, he "invented a novel method and apparatus for locating a lost smartphone or computing device," which he submitted through Apple's internal system and continued to advocate for internally. SAC ¶ 1. Eastman asserts that this idea was incorporated as the "Find my iPhone" feature initially released on June 15, 2010. *Id.* ¶ 2. Based on this concept, Eastman claims that he should have been named

as a co-inventor on U.S. Patent Numbers 9,104,896 (the "'896 patent"); 8,881,310 (the "'310 patent"); 9,706,032 (the "'032 patent"); and 9,763,098 (the "'098 patent") (collectively, the "phone-finding patents"). SAC at ¶¶ 28, 35, 47, 50.

On August 13, 2018, Eastman filed this lawsuit pro se against Apple in state court. ECF No. 1 ¶ 1. Eastman then filed his first amended complaint on August 22, 2018. *Id.* ¶¶ 2, 6. On September 27, 2018, Apple timely removed the case to federal court. *See* ECF No. 1. Apple then moved to dismiss Eastman's claims. ECF No. 11. The Court severed and remanded Eastman's state-law claims stemming from his allegedly wrongful termination, concluding that it lacked supplemental jurisdiction because Eastman's termination was allegedly motivated by reasons unrelated to his patent claims. ECF No. 27 at 6-7. As to the patent claims, the Court held that Eastman had failed to state a claim because his allegations lacked sufficient detail as to his purported contribution and the contributions that could be discerned described prior art acknowledged in the patents. *Id.* at 10-12. The Court therefore dismissed the patent claims with with leave to amend. *Id.* at 12.

In his SAC, Eastman continues to seek correction of inventorship under 35 U.S.C. § 256 as to the above five patents. SAC ¶ 12. Eastman has also added a state-law claim for defamation based on the alleged nonjoinder. *Id.* ¶ 67-68.

Apple has filed a motion to dismiss the SAC, arguing that it fails to state a claim as to all of Eastman's causes of action and that the defamation claim is barred by the statute of limitations. ECF No. 31.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To

---

[1] Eastman's SAC complaint contains substantial portions of legal argument responding to the Court's prior order and anticipating Apple's motion to dismiss. *See* SAC ¶¶ 8-27. Given Eastman's pro se status, the Court construes these portions as part of Eastman's opposition to Apple's current motion.

2

survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Moreover, "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Patent Inventorship

##### 1. Legal Standard

As a general matter, patents must list all of the true inventors. *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002). "Conception is the touchstone of invention, and it requires a definite and permanent idea of an operative invention, including *every feature* of the subject matter sought to be patented." *In re VerHoef*, 888 F.3d 1362, 1366 (Fed. Cir. 2018) (internal quotation marks and citation omitted). A definite and permanent idea, in turn, exists "when the inventor has a specific, settled idea, *a particular solution* to the problem at hand, not just a general goal or research plan." *Id.* (citation omitted).

In order for an invention to have co-inventors, they "need not 'physically work together or at the same time,' 'make the same type or amount of contribution,' or 'make a contribution to the subject matter of every claim of the patent.'" *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1349 (Fed. Cir. 2016) (quoting 35 U.S.C. § 116). Rather, a joint inventor must:

3

> (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.

*In re VerHoef*, 888 F.3d at 1366 (quoting *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed Cir. 1998)).

The issuance of a patent "creates a presumption that the named inventors are the true and only inventors." *Ethicon Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). But "[a] person who alleges that he is a co-inventor of the invention claimed in an issued patent who was not listed as an inventor on the patent may bring a cause of action to correct inventorship in a district court under 35 U.S.C. § 256." *Vapor Point LLC*, 832 F.3d at 1348 (quoting *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1357 n.1 (Fed. Cir. 2004)).[2] To overcome the presumption of correctness, "the alleged co-inventor or co-inventors must prove their contribution to the conception of the claims by clear and convincing evidence," *Ethicon*, 135 F.3d at 1461, "and must provide evidence to corroborate the alleged joint inventor's conception," *Eli Lilly & Co.*, 376 F.3d at 1362.

"The overall inventorship determination is a question of law, but it is premised on underlying questions of fact." *Eli Lilly & Co.*, 376 F.3d at 1362.

### 2. Phone-Finding Patents

The Court previously dismissed Eastman's § 256 claims regarding the phone-finding patents because Eastman's alleged contribution mirrored prior art described in the patents. ECF No. 27 at 10-11. In his second amended complaint, Eastman identified individual claims of each patent and attached to the complaint additional handwritten notes allegedly reflecting

---

[2] 35 U.S.C. § 256(a) provides in full:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

4

contemporaneous evidence of his contributions. *See* ECF No. 28 at 44-52.

As previously discussed, Eastman's alleged concept of generating a phone location that the phone's owner could access remotely was already well established in the prior art, and therefore cannot support his inventorship claim. ECF No. 27 at 10-11; *see also In re VerHoef*, 888 F.3d at 1366 (explaining that the putative co-inventor's contribution must do "more than merely explain to the real inventors well-known concepts and/or the current state of the art"). Most of Eastman's notes fall in a similar category. *See, e.g.*, ECF No. 28 at 46 (showing a user interface displaying a map with the location of the phone). Some aspects of his notes, however, appear to suggest features related to remotely initiating actions on a lost phone and displaying various information to third parties who find the device, *see, e.g.*, ECF No. 28 at 44, 52. Unlike the idea of displaying the location of the device to the owner, Apple has not shown that its "patent[s] identified the[se] specific alleged contributions as prior art." *Astellas Inst. for Regenerative Med. v. Imstem Biotechnology, Inc.*, No. 17-CV-12239-ADB, 2018 WL 4685565, at *5 (D. Mass. Sept. 28, 2018).[3]

However, a plausible § 256 claim requires some allegation that the putative co-inventor "contribute[d] something to the *claimed* invention." *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1380 (Fed. Cir. 2004). Eastman copies the claim language from numerous claims into his complaint but identifies no relationship between his notes and the claims themselves. Eastman's opposition does not cure this defect because it merely identifies similarities between his notes and the figures in the patents, rather than the claims that allegedly entitle him to inventorship. *See* ECF No. 34 at 12-15. By contrast, in other cases denying motions to dismiss § 256 claims, the plaintiffs identified specific theories that courts could reasonably assess for

---

[3] The Court observes that there is an unaddressed factual question whether Eastman communicated these additional ideas to Apple as part of his proposal; the emails attached to his complaint contain no such indication. *See* ECF No. 28 at 31-39; *cf. Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1380 (Fed. Cir. 2004) (holding that alleged co-inventor's § 256 claim failed where evidence showed that presentation to patentee did not contain the asserted contribution). But at the motion to dismiss stage, the Court reasonably infers from Eastman's allegation that when he "detail[ed] the invention in a Radar application ticket" and submitted it to Apple, SAC ¶ 1, it encompassed the ideas contained in Eastman's notes.

5

plausibility. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-CV-01273 LJO, 2012 WL 691758, at *3 (E.D. Cal. Mar. 2, 2012) (finding that allegations plausibly suggested that plaintiff "conceived the distinct wall construction as part of his work on the Harvest Tote and this distinct construction was incorporated in the claims of the '293 Patent"); *St. Joseph Sols., LLC v. Microtek Med.*, Inc., No. 1:11-CV-388, 2011 WL 5914010, at *12 (S.D. Ohio Nov. 28, 2011) (identifying "connected sleeves" as an element of specific claim of patent that plaintiff allegedly demonstrated to patentee). That is not to say that, under different factual circumstances, a § 256 plaintiff could not plausibly allege a contribution consisting of most or all of the ideas found in a patent. Nor must plaintiffs necessarily plead their inventorship theories in sufficient detail to carry their ultimate evidentiary burden at the motion to dismiss stage. But more specificity is needed here, where (1) much of the alleged contribution appears to constitute prior art and (2) on its face, the scope of the alleged "corroborating evidence of conception," i.e., Eastman's notes, is far narrower than the patent claims identified. *St. Joseph Sols.*, 2011 WL 5914010, at *12 (quoting *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994)). In this case, the Court cannot plausibly infer from Eastman's submissions that he conceived all of the many claims listed.

Nor, contrary to Eastman, is Apple required to produce corroborating evidence of the named inventors' contributions. ECF No. 34 at 7-8. Because the issuance of a patent "creates a presumption that the named inventors are the true and only inventors," *Ethicon*, 135 F.3d at 1460, named inventors do not bear the burden of producing such evidence.

Nonetheless, the Court is not convinced that amendment would be futile. Eastman's operative complaint and attached exhibits suggest that he may be able to plausibly plead a claim based on concepts related to remotely initiating actions on lost phones. The Court emphasizes that, in order to plead a viable claim, Eastman must state the link between his alleged contributions and the "*claimed* invention." *Caterpillar Inc.*, 387 F.3d at 1378.[4]

---

[4] Apple also argues that Eastman's claims fail as a matter of law because he alleges that his contributions were incorporated into the initial June 15, 2010 release of Apple's "Find my iPhone" feature, ECF No. 28 ¶ 2; ECF No. 28-2 ¶ 15, which is prior art to the phone-finding patents pursuant to 35 U.S.C. § 102(a)(1) and (b). The Court notes that a number of other district courts

6

### 3. Passbook

The Court also agrees with Apple that the SAC fails to state a claim for inventorship as to the '014 patent.

The Court previously held that Eastman's barebones allegation that he "declared a process for selling mobile tickets using an operating system" failed to state a claim. ECF No. 27 at 11; *see also* ECF No. 28 ¶ 3. In the SAC, Eastman provides his 2006 IPA, which describes his invention as follows: "OS X Ticketing System: Integrated solution for ticket sales, reporting and management, leveraging FMP, mySQL and/or OS X server. Use of java objects to create a 'design your own' venue tool. Web based control panel that's platform neutral." ECF No. 28 at 42. The SAC alleges that this exhibit evidences Eastman's contribution to claims 1, 8, 9, 13, 16, 18, 19, 25, and 27 of the '014 patent. SAC ¶¶ 58-66. But as with the phone-finding patents, Eastman fails to identify with any workable degree of specificity how this alleged contribution aligns with the '014 patent claims. This lack of detail is particularly problematic because the '014 patent describes its invention – location-based ticket books – as improving upon prior art mobile ticketing programs. ECF No. 12-6 at 1:20-2:31. Once again, Eastman's complaint does not provide a plausible basis for inferring that he contributed an element that formed part of the patentable invention rather than prior art. *See Nartron Corp. v. Schukra U.S.A. Inc.*, 558 F.3d 1352, 1357 (Fed. Cir. 2009) ("A contribution of information in the prior art cannot give rise to joint inventorship because it is not a contribution to conception." (citation omitted)).

Eastman's opposition further clarifies that he purports to have invented "[t]he *conception* of selling a mobile ticket[]." ECF No. 34 at 9. Eastman argues that, while the named inventors added "improvements," those improvements "couldn't exist" without his original mobile ticketing

---

have held "that if a claim of inventorship first necessitate[s] a finding that the patent was invalid, an action to change inventorship under § 256 must fail." *Laube v. FURminator, Inc.*, No. CV 11-3027-RSWL SSX, 2011 WL 4039132, at *1 (C.D. Cal. Sept. 9, 2011) (citing *Britesmile, Inc. v. Discus Dental, Inc.*, No. C 02-03220 JSW, 2005 WL 1083194, at *4 (N.D. Cal. May 9, 2005); *Or. Health & Sci. Univ. v. Vertex Pharm., Inc.*, 233 F. Supp. 2d 1282, 1285 (D. Or. 2002)). The Court does not decide this issue because determining whether Eastman's claims would necessarily invalidate Apple's patents requires the resolution of factual issues that would be premature at this stage of the litigation.

7

concept. *Id.* at 10. But it is immaterial whether Eastman conceived (independently or not) of the *prior art* on which the claimed invention improves, even if the prior art was a necessary step along the path to the claimed invention. As a matter of law, such a contribution is not part of the patentable invention and so cannot support Eastman's inventorship argument regarding the '014 patent. *See Nartron Corp.*, 558 F.3d at 1357.[5]

In view of Eastman's pro se status, the Court will grant another opportunity to cure these defects.

## B. Defamation

Because Eastman fails to state a claim for inventorship, he cannot plausibly allege that Apple's patents contain a false statement (or more accurately in this case, a material omission) concerning Eastman. Therefore, Eastman's defamation claim is necessarily defective as well. *See Baker v. L.A. Herald Exam'r*, 42 Cal. 3d 254, 259 (1986) ("The *sine qua non* of recovery for defamation . . . is the existence of a falsehood." (quoting *Letter Carriers v. Austin*, 418 U.S. 264, 283 (1974)).[6]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Apple's motion and dismisses Eastman's complaint without prejudice.

Eastman may file an amended complaint regarding his patent claims, not later than thirty days from the date of this order. Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Eastman will not be allowed to pursue this action any further.

Eastman may wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se. These materials include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded at

---

[5] The Court expresses no opinion whether, if Eastman's allegations are true, he may have a plausible inventorship claim as to some other patents reflecting his ideas.

[6] Accordingly, the Court need not decide whether the failure to name an individual or entity as a co-inventor on a patent can even support a defamation claim under California law.

https://cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

Eastman may also wish to seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both offices by appointment only.

**IT IS SO ORDERED.**

Dated: April 10, 2019

_____
JON S. TIGAR
United States District Judge